BLAIR R. JACKSON, ESQ. (9839)
API LAW, PLLC
2551 N Rampart Blvd
Suite 372
Las Vegas, Nevada 89128
brj@api.law
725-209-5889

*Attorney for Plaintiff Vanilla Chip LLC d/b/a TruHeight*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| VANILLA CHIP LLC d/b/a TRUHEIGHT,<br>Plaintiff,<br><br>v.<br><br>ECOM ECHOLON LLC d/b/a NOVEXA HEALTH, and CALLUM ANDREWS,<br>Defendants. | Case No.: ______________<br><br><br>**COMPLAINT** |

Plaintiff Vanilla Chip LLC d/b/a TruHeight ("TruHeight"), by and through undersigned counsel, brings this action against Defendants Ecom Echolon LLC d/b/a Novexa Health and Callum Andrews (collectively, "Novexa"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and related claims under Nevada law. TruHeight and Novexa are direct competitors in the market for children's and teen nutritional growth supplements.

2. Novexa has sought to gain an unfair advantage by publishing and promoting advertising that falsely or misleadingly disparages and targets TruHeight's products, by presenting fabricated or artificially generated medical-professional endorsements, by

manufacturing and manipulating consumer reviews across multiple online seller accounts, by advertising a money-back guarantee it does not honor, and by making specific, time-bound efficacy claims unsupported by competent and reliable scientific evidence.

3. This conduct deceives consumers, diverts sales from TruHeight, and injures TruHeight's reputation and goodwill. TruHeight seeks injunctive relief, monetary relief including disgorgement of Novexa's profits, enhanced damages, attorneys' fees, corrective advertising, and other relief permitted by law.

## THE PARTIES

4. Plaintiff Vanilla Chip LLC d/b/a TruHeight is a limited liability company organized under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada. TruHeight markets nutritional supplements, including children's and teen growth products, through national e-commerce and retail channels.

5. Defendant Ecom Echolon LLC d/b/a Novexa Health is, on information and belief, a limited liability company with a principal place of business at 2208 Grizzly Run Lane, Euless, Texas 76039. Ecom Echolon LLC markets and sells nutritional supplements under the "Novexa Health" brand through its website and through online marketplaces.

6. Defendant Callum Andrews is, on information and belief, a principal, officer, member, or manager of Ecom Echolon LLC who personally participated in, directed, authorized, or ratified the conduct alleged herein, and is therefore individually liable.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over the Lanham Act claims under 28 U.S.C. §§ 1331 and 1338 because those claims arise under the laws of the United States.

8. This Court has supplemental jurisdiction over the related state-law claims under 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

9. This Court has personal jurisdiction over Defendants because Defendants purposefully directed the advertising, marketing, sales, and conduct alleged herein into Nevada and interstate commerce, sold or offered products to Nevada consumers through websites and online marketplaces, and caused foreseeable injury to TruHeight in Nevada, where TruHeight maintains its principal place of business.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the injury to TruHeight and the diversion of business from TruHeight in Nevada. Venue is also proper under 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this District with respect to this action.

## FACTUAL ALLEGATIONS

### *A. TruHeight and Its Goodwill*

11. TruHeight has invested substantially in developing, marketing, and building consumer goodwill for its children's and teen growth-supplement products, which are sold nationwide through Amazon, TruHeight's direct-to-consumer and wholesale stores, and major retail accounts.

### *B. Novexa's False and Misleading Comparative Advertising*

12. Novexa published and promoted video advertising on Facebook and Instagram, including content located at fb.watch/H2--wxD714/ and instagram.com/p/DXahFLRDFEd/, that identifies, references, depicts, or unmistakably alludes to TruHeight's products and makes

statements that are false or misleading. The advertisements include statements concerning the comparative quality, formulation, efficacy, safety, or value of TruHeight's products and Novexa's products.

13. These video advertisements were disseminated to a substantial segment of the relevant consuming public in commercial advertising or promotion, and were intended to and did influence consumer purchasing decisions in the children's and teen growth-supplement category.

14. The statements are material because they concern the comparative quality, efficacy, safety, and value of competing products, which are central to consumers' purchasing decisions in this category.

### *C. Fabricated and Artificially Generated Medical Endorsements*

15. Novexa's marketing materials depict or imply endorsements by doctors, pediatricians, or other medical professionals. On information and belief, those purported endorsers are fictitious, artificially generated, paid actors, or persons who do not have genuine experience with the product and whose depicted endorsements do not reflect the independent judgment of qualified professionals.

16. Presenting fabricated or artificially generated professional endorsements as genuine is materially misleading because consumers reasonably rely on apparent medical-professional endorsement as an indicator of a supplement's safety and efficacy. The use of an FDA non-evaluation disclaimer does not cure this deception.

### *D. Manipulation of Consumer Reviews Across Multiple Seller Accounts*

17. On information and belief, Novexa-branded products are sold on Amazon through multiple seller accounts, including those identified as "MiloLabCo," "RCSCBC," and "Novexa Mobile." The volume, timing, and overlapping presentation of reviews across these accounts

indicate that the reviews are not authentic, are incentivized, or are otherwise not attributable to genuine consumer experiences.

18. Such review manipulation falsely represents the popularity, satisfaction, and efficacy associated with Novexa's products, deceives consumers, and unfairly diverts sales from TruHeight. This conduct is also independently prohibited by the Federal Trade Commission's Rule on the Use of Consumer Reviews and Testimonials, 16 C.F.R. Part 465, effective October 21, 2024, which prohibits fake, artificially generated, or incentivized reviews and fabricated endorsements.

***E. The Deceptive "60 Days or It's FREE" Guarantee***

19. Novexa's website advertises "Feel The Results in 60 Days or it's FREE." On information and belief, and as reflected in public consumer complaints, Novexa does not consistently honor this guarantee, such that the advertised guarantee is false or misleading and operates to induce sales on a representation Novexa does not keep.

***F. Unsubstantiated, Time-Bound Efficacy Claims***

20. Novexa claims or implies that its products produce specific, measurable, time-bound health or growth-related results. On information and belief, those claims are not supported by competent and reliable scientific evidence. The presence of disclaimers does not cure otherwise misleading efficacy claims.

***G. Notice and Novexa's Failure to Cure***

21. On May 12, 2026, TruHeight, through counsel, sent Novexa a written demand identifying the conduct described above, demanding that Novexa remove the offending content, and requiring written confirmation of compliance within five business days.

22. On May 16, 2026, Novexa acknowledged receipt and stated that it was conducting an internal review, but did not confirm that the offending content had been removed or disabled and did not commit to its removal. Novexa thereafter failed to provide the required written confirmation of compliance, and on information and belief continued to publish or make available the offending content. Novexa's continued conduct after notice was knowing and willful.

### *H. Injury to TruHeight*

23. As a direct and proximate result of Novexa's conduct, TruHeight has suffered and will continue to suffer injury, including diverted sales, lost customers and prospective business, price and margin erosion, and harm to its reputation and goodwill. Novexa's conduct is causing irreparable harm for which there is no adequate remedy at law.

## COUNT I

### False Advertising Under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)

24. TruHeight re-alleges and incorporates by reference each preceding paragraph as if fully set forth herein.

25. Novexa made false or misleading statements of fact about its own and TruHeight's products in commercial advertising or promotion, including the comparative video claims, the fabricated medical endorsements, the manipulated reviews, the unhonored guarantee, and the unsubstantiated time-bound efficacy claims.

26. These statements actually deceived or had a tendency to deceive a substantial segment of their audience; the deception was material and likely to influence purchasing decisions; the statements were made in and affected interstate commerce; and TruHeight has been and is likely to be injured as a result.

27. To the extent any statement is literally false, deception and materiality are presumed. Novexa's conduct was knowing and willful, rendering this an exceptional case.

**COUNT II**

**False Association / False Endorsement Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (Pleaded in the Alternative)**

28. TruHeight re-alleges and incorporates by reference each preceding paragraph as if fully set forth herein.

29. To the extent Novexa's fabricated or artificially generated endorsements create a likelihood of confusion as to the affiliation, connection, sponsorship, or approval of Novexa's products by medical professionals or institutions, Novexa's conduct constitutes false association and false endorsement in violation of 15 U.S.C. § 1125(a)(1)(A).

**COUNT III**

**Deceptive Trade Practices Under NRS Chapter 598 and NRS 41.600**

30. TruHeight re-alleges and incorporates by reference each preceding paragraph as if fully set forth herein.

31. Novexa knowingly made false or misleading representations in the course of its business concerning the sponsorship, approval, characteristics, ingredients, uses, benefits, quality, efficacy, and guarantee terms of Novexa's products and TruHeight's competing products. Novexa's conduct constitutes deceptive trade practices under Nevada law, including NRS 598.0915 and NRS 598.0923.

32. TruHeight has been injured by Novexa's deceptive trade practices and is entitled to all relief available under Nevada law, including NRS 41.600, to the extent applicable.

**COUNT IV**

**Business Disparagement / Trade Libel (Nevada Common Law)**

33. TruHeight re-alleges and incorporates by reference each preceding paragraph as if fully set forth herein.

34. Novexa published false and disparaging statements concerning TruHeight's products and business interests, without privilege, with knowledge of falsity or reckless disregard for truth, and with the intent or foreseeable effect of causing consumers to refrain from dealing with TruHeight.

35. As a direct and proximate result of Novexa's disparagement, TruHeight has suffered pecuniary loss, including diverted sales, lost customers, price and margin erosion, and harm to its reputation and goodwill.

**COUNT V**

**Tortious Interference With Prospective Economic Advantage (Nevada Common Law)**

36. TruHeight re-alleges and incorporates by reference each preceding paragraph as if fully set forth herein.

37. TruHeight had prospective economic relationships with consumers, customers, and retail or online marketplace channels. Defendants knew of those prospective relationships and intentionally interfered with them through wrongful conduct, including false advertising, fabricated endorsements, manipulated reviews, deceptive guarantee claims, and disparaging statements.

38. Novexa's interference was not privileged or justified, was independently wrongful, and caused TruHeight actual harm, including lost sales, diverted customers, and damage to goodwill.

## COUNT VI

### Unfair Competition (Nevada Common Law)

39. TruHeight re-alleges and incorporates by reference each preceding paragraph as if fully set forth herein.

40. Novexa's conduct, predicated on the unlawful and tortious acts alleged above, constitutes unfair competition and has interfered with TruHeight's ability to conduct its business fairly in the marketplace.

## PRAYER FOR RELIEF

WHEREFORE, TruHeight respectfully requests that the Court enter judgment in its favor and against Defendants, and grant the following relief:

A. A preliminary and permanent injunction under 15 U.S.C. § 1116 enjoining Defendants from publishing, sponsoring, amplifying, or commissioning the false or misleading comparative advertising, fabricated endorsements, manipulated reviews, and unsubstantiated efficacy and guarantee claims described herein, and requiring removal of all such content;

B. An order requiring corrective advertising and a public retraction;

C. TruHeight's actual damages and Defendants' profits attributable to the unlawful conduct, together with costs, under 15 U.S.C. § 1117(a);

D. Enhanced damages up to three times the amount found as actual damages or profits, as permitted under 15 U.S.C. § 1117(a);

E. A finding that this is an exceptional case and an award of TruHeight's reasonable attorneys' fees under 15 U.S.C. § 1117(a);

F. Actual, statutory, and exemplary damages on the state-law claims as permitted by law;

G. Pre-judgment and post-judgment interest and costs of suit; and

H. Such other and further relief as the Court deems just and proper.

Dated: July 9, 2026

Respectfully submitted,

API LAW, PLLC

By: /s/ Blair R. Jackson

BLAIR R. JACKSON, ESQ. (9839)
API LAW, PLLC
2551 N Rampart Blvd
Suite 372
Las Vegas, Nevada 89128
brj@api.law
725-209-5889
Attorney for Plaintiff Vanilla Chip LLC d/b/a TruHeight